# US DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

SEAN ANTHONY YANNOTTI,
on behalf of himself and a class of
all others similarly situated,
    Plaintiffs,

v.

CITY OF ANN ARBOR,
    Defendant
_____/

Case No.: 22-cv-12147
Honorable _____

**COMPLAINT**
**JURY DEMANDED**

**CLASS ACTION**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiff(s)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiff(s)
PO Box 70
St Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff SEAN ANTHONY YANNOTTI, by counsel, and complains unto the Court as follows—

### INTRODUCTION

1. During the relevant period, parking enforcement officer(s) of the City of Ann Arbor regularly marked parked vehicles within Ann Arbor's territorial limits to obtain information a vehicle is parked on a street or public area to ultimately issue a government sanction in form of a municipal ticket and increasing from there. No law allows this local government or its parking

1

enforcement officials to place anything—a mark or otherwise—on a private vehicle. Placing such on a private vehicle is the physical occupation of private property for the purpose of obtaining information, and is, under *United States v Jones* and *Taylor v City of Saginaw*, an unconstitutional act when done without a warrant.

## PARTIES

2. Plaintiff SEAN ANTHONY YANNOTTI has received at least one parking ticket via the use of marking 'chalk' being placed on his vehicle by a parking enforcement officer without permission or authority, or the existence of any exigent circumstances.

3. Defendant CITY OF ANN ARBOR is a municipal corporation formed under the laws of the State of Michigan.

## JURISDICTION

4. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief together with monetary damages against Defendant CITY OF ANN ARBOR for violations of the Fourth Amendment of the United States Constitution and Article I, Section 11 of the Michigan Constitution.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367 for claims made under state law.

6. Venue is proper in this Court as Defendant conduct its business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7. Plaintiff SEAN ANTHONY YANNOTTI owns a 2017 Chevrolet Sonic that is registered with Michigan license plate number MI-EAY8454.

8. On April 6, 2019, Plaintiff SEAN ANTHONY YANNOTTI was issued a municipal parking ticket numbered as 4100039898

9. A copy of the ticket is attached as **Exhibit A**.

10. The parking ticket was issued by the officer responsible for issuing parking tickets for Defendant CITY OF ANN ARBOR.

11. The ticket denotes that the tires of the 2017 Chevy Sonic were marked with a chalk-like substance on one of the vehicles' four tires to surreptitiously obtain information to justify the issuance of a parking ticket at the 600 Block of "William East."

12. On information and belief, parking enforcement officials from Defendant CITY OF ANN ARBOR regularly and systematically used the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

placement of a chalk-like substance on one of the vehicles' four tires to surreptitiously obtain information to justify the issuance of numerous parking tickets throughout the territorial limits of the City of Ann Arbor.

13. It is the official custom and practice of Defendant CITY OF ANN ARBOR for its parking enforcement officials use this methodology of placing a chalk mark on one of the four tires of vehicles to obtain information to justify the issuance of parking tickets throughout the territorial limits of the City of Ann Arbor.

14. Defendant has operated in violation of the Fourth Amendment, *U.S. v. Jones*, and undertake ongoing conduct that is completely indifferent of the federal right to be free from violations of the Fourth Amendment to the United States Constitution.

## CLASS ALLEGATIONS

15. This action is brought by the Plaintiff SEAN ANTHONY YANNOTTI individually and on behalf of individuals during the relevant statutorily-limited time period who were subject to the unconstitutional methodology of the placement of a chalk mark on one of the four tires of vehicles to obtain information to justify the issuance of parking tickets through the territorial limits of Ann Arbor, Michigan.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

16. The number of injured individuals who have been constitutionally injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

17. There are clear questions of law and fact raised by Plaintiff SEAN ANTHONY YANNOTTI's claims that are common to, and typical of, those raised by the Class he seeks to represent.

18. The violations of law and resulting harms alleged by Plaintiff SEAN ANTHONY YANNOTTI are typical of the legal violations and harms suffered by all Class members.

19. Plaintiff SEAN ANTHONY YANNOTTI, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

20. The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or Defendant CITY OF ANN ARBOR.

21. Defendant CITY OF ANN ARBOR has acted, failed to act, and/or are continuing to act on grounds generally applicable to all members of the Class, necessitating declaratory and injunctive relief for the Class.

### COUNT I
### FOURTH AMENDMENT VIOLATION
### 42 U.S.C. § 1983

22. In 2012, the United States Supreme Court pronounced in *U.S. v. Jones* that the when, without a warrant, the government has "physically occupied private property for the purpose of obtaining information" when it "trespassorily inserted the information-gathering device" onto a vehicle, said actions violated the Fourth Amendment.

23. Under *U.S. v. Jones*, when the government physically occupies private property for the purpose of obtaining information, it is a search within the meaning of the Fourth Amendment requiring the issuance of a search warrant pursuant to law.

24. This legal obligation was made abundantly and sufficiently clear by the United States Supreme Court in *U.S. v. Jones.*

25. The decision of *U.S. v. Jones* provides the contours of a federally-protected right that is sufficiently clear so that that every reasonable official and entity, including Defendant CITY OF ANN ARBOR, would have

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

understood that right as being established, at the latest, in 2012 and long before any tickets in dispute in this case were issued.

26. The present case involves a governmental entity, a state actor, and their actors/agents engaging in more than naked-eye surveillance of private property.

27. The surreptitious placement of chalk marks on private vehicles (without a valid warrant, consent of the owners, or exigent circumstances) undertaken to physically place a device on private property to gather information as well as conducting non-overt surveillance on the movement or non-movements of vehicles violates the Fourth Amendment to the United States Constitution.

28. The placement of chalk-like marks on private vehicles (without a valid warrant, consent of the owners, or exigent circumstances) undertaken to physically place an apparatus on private property to gather information as well as conducting surveillance on the movement or non-movements of vehicles is a policy, custom, and/or practice of Defendant CITY OF ANN ARBOR sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

29. Plaintiff SEAN ANTHONY YANNOTTI and Class members have experienced constitutional and monetary harm by the unconstitutional

processes and procedures undertaken by a policy, custom, and/or practice of Defendant.

30. The conduct of Defendant was reckless and undertaken with complete indifference to Plaintiff SEAN ANTHONY YANNOTTI's and the Class members' federal rights to be free from violations of the Fourth Amendment to the United States Constitution.

## COUNT II
## *BAUSERMAN* CONSTITUTIONAL CLAIM
## Mich. Const. 1963, Article I, § 11

31. The previous allegations are re-alleged word for word herein.

32. The surreptitious placement of chalk marks on private vehicles (without a valid warrant, consent of the owners, or exigent circumstances) undertaken to physically place a device on private property to gather information as well as conducting non-overt surveillance on the movement or non-movements of vehicles violates Article I, § 11 of the Michigan Constitution.

33. It violates Article I, § 11 of the Michigan Constitution when Defendant CITY OF ANN ARBOR caused to place and did place chalk-like marks on private vehicles (without a valid warrant, consent of the owners, or exigent circumstances) undertaken to gather (or attempt to gather)

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

8

information as well as conducting surveillance on the movement or non-movements of vehicles.

34. Plaintiff SEAN ANTHONY YANNOTTI and Class members have experienced constitutional and monetary harm/damages as a result of the same.

## RELIEF REQUESTED

35. WHEREFORE, Plaintiff SEAN ANTHONY YANNOTTI, on his own behalf and on behalf of all defined Class members, respectfully requests this Court to—

    a. Enter an order certifying this case as a Class Action;

    b. Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendant CITY OF ANN ARBOR as being unconstitutional;

    c. Enter an order for nominal damages in the amount of $1.00, with interest, against Defendant CITY OF ANN ARBOR for its illegal action(s);

    d. Enter an order for damages, including full refunds of tickets paid, with interest, of all fines obtained by Defendant CITY OF ANN ARBOR from members of the Class by its illegal actions;

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

e.  Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 23(h), and all other applicable laws, rules, or statutes; and

f.  Enter an order for all such other relief the court deems equitable.

## JURY DEMAND

36. For all triable issues, a jury is hereby demanded.

Date: September 10, 2022

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiff
PO Box 70
St Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

10