UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN ANTHONY YANNOTTI, on behalf of himself and a class of all others similarly situated,

        Plaintiffs,

v.

CITY OF ANN ARBOR,

        Defendant.
_____/

Case No: 22-12147

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [15]**

    Plaintiff Sean Anthony Yannotti brings this case under 42 U.S.C. § 1983 seeking monetary damages, along with injunctive and declaratory relief, for alleged violations of the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Michigan Constitution by Defendant City of Ann Arbor's use of tire-chalking.[1] This matter is before the Court on Defendant's motion for partial summary judgment. Defendant seeks summary judgment on Plaintiff's requested relief for compensatory damages.[2] (ECF No. 15.) Plaintiff opposes Defendant's motion. (ECF No. 17.) Defendant has filed a reply. (ECF No. 18.) Under Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided without oral argument. (ECF No. 16.) For the reasons that follow, the Court GRANTS Defendant's Motion.

---

[1] Plaintiff's complaint is on behalf of himself and a putative class of others similarly situated.
[2] Plaintiff also seeks nominal damages in the amount of $1.00, with interest, from Defendant. (ECF No. 1, PageID.9.)

1

**I.     Background**

For several years, the City of Ann Arbor used a tire-chalking process to enforce parking restrictions. City officials would mark a tire with chalk as a way of tracking how long a car was parked on a street. (ECF No. 15, PageID.52.) Ann Arbor stopped this practice in April of 2019 in response to a ruling from the Sixth Circuit in *Taylor v. City of Saginaw*, 922 F.3d 328 (6th Cir. 2019) [hereinafter *Taylor I*], holding that tire-chalking constitutes a search for purposes of the Fourth Amendment, and, therefore, requires a search warrant or an applicable exception to the warrant requirement. Just weeks before *Taylor I* was decided, Plaintiff received a parking ticket from Defendant. The ticket issued to Plaintiff notes that his tires were "marked" and describes the violation as being "parked at expired meter." (ECF No. 17-2, PageID.118.) Plaintiff seeks for himself and all members of the putative class "full refunds of tickets paid" and "all fines obtained by Defendant . . . by its illegal actions." (ECF No. 1, PageID.9.) Plaintiff has not paid the ticket issued to him and owes Defendant $70 on the associated fine, and this is the amount he is seeking in compensatory damages for the injury he allegedly suffered as a result of his Fourth Amendment rights being violated. (ECF No. 17, PageID.110.)

**II.    Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine dispute of material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts look to the applicable substantive law to determine materiality as "[o]nly disputes over facts that

might affect the outcome of the suit under the governing law will . . . preclude . . . summary judgment." *Id.* The moving party has an initial burden to inform the court of the portions of the record "which it believes demonstrate the absence of a genuine dispute of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322-23. Further, the non-moving party must present enough evidence "on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Finally, the court "consider[s] 'all facts and inferences drawn therefrom in the light most favorable to the nonmovant.'" *Taylor v. City of Saginaw*, 11 F.4th 483, 486 (6th Cir. 2021) [hereinafter *Taylor II*] (quoting *City of Wyandotte v. Consol. Rail. Corp.*, 262 F.3d 581, 585 (6th Cir. 2001)).

III.     **Analysis**

In *Carey v. Piphus*, the Supreme Court stated that the purpose of the damages award possible under § 1983 is to "compensate persons for injuries caused by the deprivation of constitutional rights." 435 U.S. 247, 254-57 (1978) (holding that "damages awards under § 1983 should be governed by the principle of compensation"). There, the Court reasoned that "over centuries" courts have developed through the common law of torts "a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of his legal rights," and that "[t]hese rules, defining the elements of damages and the prerequisites for their recovery, provide the appropriate starting point for the inquiry under § 1983 . . . ." *Id.* at 257.

3

In cases where the "interests protected by a particular branch of the common law of torts . . . parallel closely the interests protected by a particular constitutional right . . . it may be appropriate to apply the tort rule of damages directly to the § 1983 action."[3] *Id.* at 258. The Supreme Court further instructed that "the rules governing compensation for injuries caused by the deprivation of constitutional rights should be tailored to the interest protected by the particular right in question—just as the common-law rules of damages . . . were defined by the interests protected in the various branches of tort law." *Id.* at 259. Accordingly, the Court will look to the common law of torts for a parallel right to that of Plaintiff's under the Fourth Amendment.

Plaintiff's Fourth Amendment right is to be free from unreasonable searches, which in this case was allegedly violated by a trespass to his vehicle. The closest common law parallel to Plaintiff's constitutionally protected interest in having his car free from searches via trespass is trespass to chattels. *See Taylor v. City of Saginaw*, 620 F.Supp.3d 655, 672 (E.D. Mich. 2022) [hereinafter *Taylor III*] ("[t]he closest common law analog to chalking is trespass to chattels") (citing *Taylor I*, 922 F.3d at 332-33; Restatement (Second) of Torts §§ 217-18 (Am. L. Inst. 1965)).[4]

"A trespass to chattels is actionable if one dispossesses another of or intentionally and harmfully interferes with another's property." *Mackie v. Bollore S.A.*, No. 286461,

---

[3] In cases where there is not a close analog between an interest protected under common-law torts and an interest protected by a particular constitutional right that has allegedly been violated, courts take on "the more difficult" task of "adopting common-law rules of damages for injuries caused by the deprivation of a constitutional right." *Carey v. Piphus*, 435 U.S. 247, 258 (1978). Because, as described below, there is a close analog between an interest protected by torts common law and Plaintiff's interest protected by a constitutional right, the Court will apply the tort rule of damages directly to this § 1983 action.

[4] While § 217 of the Second Restatement of Torts defines trespass, § 218 on trespass to chattels is the most applicable common-law source on liability and damages for a trespass action as presented here. *See* Restatement (Second) of Torts § 217 cmt. a (Am. L. Inst. 1965) ("[t]his Section sets forth the ways in which a trespass may be committed. It does not . . . state the circumstances or conditions under which a trespass makes the actor liable. These are set forth in §§ 218-220.").

2010 WL 673295 at *4 (Mich. Ct. App. Feb. 25, 2010) (citing Restatement (Second) of Torts §§ 217-219 (Am. L. Inst. 1965); *Burns v. Kirkpatrick*, 51 N.W. 893, 893 (1892)). As stated in § 218 of the Second Restatement of Torts,

> [o]ne who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of chattel, . . . (b) the chattel is impaired as to its condition, quality or value, . . . (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor . . . .

Restatement (Second) of Torts § 218 (Am. L. Inst. 1965).

Here, the trespass, i.e., chalking Plaintiff's tires, was harmless. *See Taylor III* 620 F.Supp.3d at 672 ("[t]he basic problem is that chalking is relatively harmless"). Plaintiff's interest protected by constitutional right is not to have his car trespassed upon, not to be free from tickets for parking at an expired meter, and Plaintiff has not pointed to any evidence that either his car or his body was harmed by the chalking or that Defendant's conduct deprived Plaintiff possession of his car. With there being no harm in Defendant's trespass, Plaintiff's request for compensatory damages fails under the common law.[5]

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion for Partial Summary Judgment. Plaintiff's requests for declaratory and injunctive relief and nominal damages remain.

---

[5] Plaintiff's arguments focus on the causation showing required of a plaintiff in a § 1983 damages inquiry. (*See* ECF No. 17, PageID.113-15.) Additionally, Plaintiff argues *Taylor III* was decided in legal error and describes the result, where the court granted summary judgment for a municipality defendant on claims for compensatory damages allegedly resulting from warrantless tire-chalking, as being based on a finding that there was "insufficient proximate cause" between that constitutional violation and the parking ticket. *Id.* The approach advocated by Plaintiff ignores that laid out in *Carey*, which the court in *Taylor III* applied, and does not account for the common law of torts' analogous rule of damages recovery. *See Taylor III*, 622 F.Supp.3d 655, 673-74 (E.D. Mich. 2022). As stated in *Taylor III*, "in this case, the closest tort-law analog—trespass to chattels—forecloses Plaintiff's requested relief." *Id.* at 673. Ultimately, Plaintiff has not put forth evidence that would allow a reasonable jury to find for him under the applicable substantive law.

SO ORDERED.

                          s/ Nancy G. Edmunds
                          Nancy G. Edmunds
                          United States District Judge

Dated: July 30, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2024, by electronic and/or ordinary mail.

                          s/ Marlena Williams
                          Case Manager