## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SEAN ANTHONY YANNOTTI, on
behalf of himself and a class of all
others similarly situated as described,
   Plaintiffs

v.

CITY OF ANN ARBOR,
   Defendant

Case No. 22-cv-12147
Mag. J. Anthony P. Patti

## JOINT MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT

On August 7, 2025, this Court entered its order acknowledging it has been informed that a proposed settlement on a class wide basis has been reached and directed that a Fairness/Class Certification Hearing be held on October 17, 2025 at 9:30am. **ECF No. 36, PageID.195**. It further directed that a joint motion for class certification and approval of the class settlement be filed. This is that motion.

For the reasons set forth, it is respectfully requested that the Court certify this matter as a class action to settle this matter and grant approval of the settlement (as outlined in the settlement agreement) in full.  A brief in support hereinafter follows.

**MOST CONTROLLING AUTHORITIES**

FRCP 23

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)

*In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*,
722 F.3d 838 (6th Cir. 2013)

*UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)

## INTRODUCTION

This case arises from the practice commonly known as "tire chalking," in which a municipal parking enforcement officer marks the tires of parked vehicles with chalk to track how long the vehicles have remained in place, and later issues parking citations if the vehicles have not been moved within a designated time limit. While seemingly mundane, this practice involves a constitutional issue.  An intentional physical trespass upon private property for the purpose of gathering information to enforce a municipal ordinance is a search. And without a warrant, consent, or any applicable exception to the Fourth Amendment's warrant requirement, it makes the search unconstitutional.

In *Taylor v. City of Saginaw*, 922 F.3d 328 (6th Cir. 2019) ("*Taylor I*"), the United States Court of Appeals for the Sixth Circuit became the first federal appellate court to address the constitutionality of tire chalking. The Court held that the practice constitutes a "search" within the meaning of the Fourth Amendment under the property-based approach reaffirmed in *United States v. Jones*, 565 U.S. 400 (2012). Specifically, it reasoned that a parking officer's physical marking of a tire is an intentional trespass on a constitutionally protected effect for the purpose of obtaining information, and thus is a search. And without a demonstrated recognized exception to the

warrant requirement, the Fourth Amendment is alleged to be violated by this practice. *Taylor v. City of Saginaw*, 11 F.4th 483 (6th Cir. 2021) ("*Taylor II*"). Another court in this judicial district found warrantless tire chalking unconstitutional. *Taylor v. City of Saginaw*, 620 F Supp 3d 655, 669 (E.D. Mich. 2022).

In light of *Taylor*, the parties reached a proposed resolution as a class under Rule 23(b)(2). The proposed resolution is the product of a creative use of the class action tool, litigation, and rigorous arm's-length negotiations between counsel for the parties. In light of this Court's decision on the limitation of remedies in this case (see **ECF No. 19**) and the *Taylor* decisions, the relief proposed provides fair, reasonable, and adequate relief to the class. Accordingly, the prerequisites for granting approval are met. The parties request that this Courtgrant class certification and approve this settlement in full.

## BACKGROUND

Plaintiff Sean Anthony Yannotti has filed two class action lawsuits against Defendant City of Ann Arbor ("the City") alleging that the City's policy and practice of chalking tires without a search warrant to obtain information as to whether a vehicle is in violation of its parking ordinances violates the Fourth Amendment to the United States Constitution. In the first case, a

tolling agreement was reached, and the parties stipulated to dismiss the case, without prejudice, while the *Taylor* case was on appeal to the Sixth Circuit. **Exhibit B**.

After *Taylor* was decided, Yannotti refiled. Discovery ensued. Litigation was undertaken. Later, of particular note, Judge Nancy Edmunds granted the City's contested motion for partial summary disposition regarding damages on July 30, 2024 concluding, premised on *Taylor*, that those who received tickets could not obtain compensatory damages (i.e. refunds) for the City'salleged violation of the Fourth Amendment. However, the Court also ruled that declaratory and injunctive relief in addition to nominal damages was still available.

Following the decision limiting the scope of remedies available, the Court referred the matter to the Magistrate Judge for the purpose of conducting settlement conferences, which were held on September 24, 2024, and thereafter on December 2, 2024 and January 23, 2025. In connection with those meetings, a proposed settlement has been reached.

## KEY TERMS OF THE SETTLEMENT

The parties and counsel for all sides have stipulated that, for the purposes of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied. With Court approval, the Class is

requested to be certified as a Rule 23(b)(2)-styled class with incidental monetary relief.

The settlement is jointly proposed consisting of two interlacing parts. First, the entire class shall receive a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, decreeing that warrantless tire marking and chalking violates the Fourth Amendment, with the proviso that the City maintains that any such violation was not intentional and was not clearly established as a violation of the Fourth Amendment at the time the City engaged in the practice, and further, that as soon as the Sixth Circuit Court of Appeals entered its decision in *Taylor*, the City voluntarily ceased the practice.

Additionally, an injunction shall also enter without bond, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining the City along with any of its agent(s), contractor(s), and/or employee(s), from placing any chalk, chalk-like, or physical mark upon one or more tires of any privately owned vehicle within the territorial limits of Ann Arbor, Michigan to obtain information to justify the issuance of parking ticket(s) unless a judicial warrant is first obtained. Notwithstanding the foregoing, the City retains the right and option to seek to vacate this injunction upon any new precedents being issued by the United States Court of Appeals for the Sixth Circuit or the United States

Supreme Court to the extent those new precedents render the warrantless marking or chalking of tires to be a lawful activity. The benefitting class, for purposes of this relief, includes:

> All persons and entities who were subject to the placement of a chalk mark on one or more of the four tires of [a] vehicle to obtain information to justify the issuance of parking tickets within the territorial limits of Ann Arbor, Michigan between April 3, 2017 and April 23, 2019.

A second line of relief is proposed to be provided to a subclass in the form of $1.00 nominal damages payments upon making a claim for the same via an established claim process with the City Treasurer's office, as provided by the Settlement Agreement. This "Payment SubClass," for purposes of this nominal damages relief, shall include:

> All persons and entities part of the Class who were, as a matter of policy and customary practice, subject to a parking ticket with designations of either "Over the Legal Time Limit" or "Parked Over Legal Time Limit" which are violations that were enforced through the use of placement of a chalk mark on one or more of the four tires of a vehicle to obtain information to justify the issuance of said parking ticket(s) within the territorial limits of Ann Arbor, Michigan between April 3, 2017 and April 23, 2019.

In addition to relief to the class and subclass, the City has agreed to each of the following: 1.) the appointment of Sean Yannotti as Class Representative along with Philip L. Ellison of Outside Legal Counsel PLC and Matthew E. Gronda of Gronda PLC as Class Counsel; 2.) Yannotti receiving an incentive

award[1] of $1,000 if such is so ordered by the Court in its discretion (and Defendant does not oppose); 3.) there be a waiver of any fine(s), fee(s), and/or penalties related to Ticket No. 4100039898 and to cease any collection efforts on the same; and 4.) payment of attorney fees, case expenses, and costs pursuant to 42 U.S.C. § 1988(b) and Rule 54(d) of the Federal Rules of Civil Procedure in the amount to be determined appropriate by the Court via a motion to be submitted by Class Counsel pursuant to Local Rule 54.1.2 no later than 28 days after entry of final approval of the Settlement pursuant to Rule 23(e).[2]

The Claim Form, which will be available in paper form at the City's Customer Service desk, and in an electronic form on the City Treasurer's website and www.annarborchalk.com, requires the claimant to provide basic contact information, identify the license plate and ticket number(s) at issue, and affirm under signature their eligibility to receive the nominal damages payment. Claimants may deliver the completed form in person, by mail, or via electronic submission on the City Treasurer's website, with mailed forms

---

[1] When a party has been instrumental in advancing a case forward and has performed tasks in association with this litigation, an incentive award is appropriate. *Brotherton v. Cleveland*, 141 F. Supp. 2d 907, 914 (S.D. Ohio 2001) (awarding $50,000 incentive award). Yannotti has done so. **Exhibit D**.

[2] For purpose of that forthcoming motion, Defendant has agreed that Yannotti be deemed the prevailing party for purposes of 42 U.S.C. § 1988(b).

deemed timely if postmarked on or before the submission deadline. **Exhibit C**. Class Members who do not wish to be bound by the Settlement must submit a written opt-out.[3]

In exchange for all this relief, the City will, in turn, receive a release of claims arising out of or related to its conduct on warrantless tire chalking.

## APPROPRIATE FOR CERTIFICATION FOR SETTLEMENT PURPOSES

Settlement of class action suits is highly favored. *Newberg on Class Actions* § 11.41 (4th ed. 2002) (*Newberg*) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."). But before granting approval of a settlement on a class wide basis, the Court must determine that the proposed class is nevertheless appropriate for certification. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Class certification is proper if the proposed class satisfies the traditional elements, i.e., numerosity, commonality, typicality, and adequacy. FRCP 23(a); *see also Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 460 (2013). District courts have broad discretion to determine whether certification is appropriate. *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013).

---

[3] Those who opt out will not receive any settlement benefits, including nominal damages, but will retain the right to pursue their own claims, if any, against the Defendant.

As a threshold matter, under Rule 23(g)(1)(B) "a court that certifies a class must appoint counsel… [to] fairly and adequately represent the interests of the class." The Court considers proposed class counsel's: (1) work in identifying or investigating the potential claim, (2) experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (3) knowledge of the applicable law, and (4) resources that it will commit to representing the class. FRCP 23(g)(1)(A)(i)-(iv). It is proposed that the Court appoint attorneys Philip L. Ellison of Outside Legal Counsel PLC and Matthew E. Gronda of Gronda PLC as class counsel. Their supporting declarations are attached. **Exhibits D and E**. In this area of law, Class Counsel have extensive experience in prosecuting both Fourth Amendment matters and class actions in general. Simply put, attorneys Ellison and Gronda are the leading counsel in this practice area as they were also class counsel in *Taylor*.

## I.   Class Certification

With appointment of class counsel, the Court also considers the traditional factors for certifying a class. Both sides agree and the Court is asked to find that the requirements are easily met.

### A.   Numerosity

Numerosity is met when joining a large number of plaintiffs in one case

would be impracticable. FRCP 23(a)(1); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Though there is no fixed number determining impracticability, "[i]n most cases, a class in excess of forty members will do." *Curry v. SBC Commc'ns, Inc.*, 250 F.R.D 301, 310 (E.D. Mich. 2008). Only a reasonable estimate is required. *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513, 520 (E.D. Mich. 2013), *vacated on other grounds*, 2016 WL 7325655, at *1 (E.D. Mich. Jun. 23, 2026) (granting join motion to vacate). Here, members of the Class are undisputed in the thousands. Thus, joinder would be impractical and, thus, numerosity is satisfied.

### B.    Commonality

Commonality is satisfied when there are questions of law or fact common to the class — the resolution of which will bring a class-wide resolution of the claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). And even a single question will do. *Id.* at 359; *see also Whirlpool*, 722 F.3d at 582-583. "Cases alleging a single course of wrongful conduct are particularly well-suited to class certification." *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) (citing *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988)). Here, all Class Members' claims hinge on a common question: whether the City violated the Fourth Amendment when tire chalking. The question of whether this is a

cognizable constitutional injury is common to all members of the Class. Thus, the commonality requirement is satisfied.

### C.    Typicality

Typicality requires that a class representative has claims that are typical of those of other class members. FRCP 23(a)(3). "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *In re Am. Med. Sys.*, 75 F.3d at 1082. "Typicality may be presumed when the plaintiff's claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members." *Gilkey v. Cent. Clearing Co.*, 202 F.R.D. 515, 524 (E.D. Mich. 2001). In other words, when the basis of the suit is the systematic practices towards the named plaintiff and the members of the proposed class, typicality is satisfied.

Here, this standard is satisfied. Plaintiff Yannotti was warrantlessly tire-chalked. See **ECF No. 1-1, PageID.11** (noting "tires marked"). Such was part of a past regular practice by City parking enforcement officials. **ECF No. 17-5, PageID.152**. The City acknowledges that it previously had a practice of warrantless tire chalking as a means of enforcement of its parking enforcement policies. Thus, Plaintiff Yannotti's pursuit of his own claims here

will necessarily advance the interests of the Class who also was 'chalked,' satisfying the typicality requirement. *See, e.g.*, *Coulter-Owens*, 308 F.R.D. at 534-35; *Strano v. Kiplinger Washington Eds., Inc.*, 649 F. Supp. 3d 546, 554 (E.D. Mich. 2023).

### D.    Adequacy

Class representatives under Rule 23(a)(4) must fairly and adequately protect the interests of the class. In order to do so, "(1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Int'l Union v. Ford Motor Co*., 2006 WL 1984363, at *19 (E.D. Mich. July 13, 2006) . The representative must be part of the class, possess the same interest, have suffered the same injury, and seek the same type of relief as other class members. *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007).

In this case, Plaintiff Yannotti and Class Members have the exact same interest in recovering relief to which they are entitled for having had the tires of their private vehicles warrantlessly chalked. As such, Yannotti is part of the proposed class (and subclass), has the same interest and injury, and seeks the same relief as other class members. As such, Yannotti does not have any interest antagonistic to those of the proposed class and subclass.

Class Counsel, for their part, have extensive experience in litigating class actions and constitutional issues, including the *Taylor* case upon which this case so heavily relied. **Exhibits C and D**. They regularly engage in cases involving constitutional issues and have been previously appointed class counsel. *Id.* Class Counsel have devoted substantial resources to the prosecution of this action in this court over many years engaging in discovery, motion practice, and ultimately, negotiating a settlement that provides equal to what the victims of Saginaw's parking enforcement scheme secured in its litigation. Class Counsel has vigorously prosecuted this action and vigorously supported all tire chalking 'victims' throughout the settlement process. There is demonstrated commitment to representing the class in this matter and neither have interests antagonistic to the class. Adequacy is satisfied.

## II.     Rule 23(b)(2) Requirements

Under a Rule 23(b)(2) class, the Court may maintain a class action when the party who initially opposed the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. While this settlement has a small damages component, this Court has been previously apprised that it is nevertheless being settled as class under

FRCP 23(b)(2). This is permissible. In *Robinson*, the Second Circuit explained that a "(b)(2) class action is intended for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury" yet the "text of Rule 23(b)(2) is silent as to what extent — if at all — monetary relief may also be sought." *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 162 (2d Cir. 2001).[4] After reviewing other case law and the advisory notes, the Second Circuit confirmed that (b)(2) certification regarding claims involving no more than incidental damages is appropriate without needing to fulfill the greater obligations under Rule 23(b)(3) certification. With Judge Edmunds' ruling limiting relief to declaratory, injunctive, and nominal damages relief for each swipe of tire chalk, this case fits that mold perfectly.

While proof of superiority is not required in a Rule 23(b)(2) class, the uniqueness of this case nevertheless makes the class action tool a superior method to resolving this matter system-wide. A class action is a superior means of adjudicating this case when it "achieve[s] economies of time, effort, and expense, and promote[s]… uniformity of decision as to persons similarly situated[.]" *Amchem*, 521 U.S. at 615. A class action is warranted (and even

---

[4] In traditional non-incidental damages cases, further requirements and greater due process is required for classes managed pursuant to FRCP 23(b)(3). Compare FRCP 23(c)(2)(A) with FRCP 23(c)(2)(A).

preferred) when it provides a mechanism through which individuals who may not otherwise have the opportunity to seek redress through litigation. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 545 (6th Cir. 2012). Claims alleging a standard course of conduct are particularly well-suited for class certification because they facilitate efficiency and uniformity. *Id*. As held in *Coulter-Owens*, "it makes sense to proceed as a class action and address the issues one time rather than [in] potentially hundreds of separate cases." 308 F.R.D. at 537.

## III. Approval Is Appropriate

Rule 23(e)(2) provides factors for a court to determine if a settlement is "fair, reasonable, and adequate," examining whether: (A) class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, reviewing: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the processing of class-member claims; (iii) the terms of any proposed attorney's fee, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (D) the proposal treats class members equitably relative to each other. FRCP 23(e)(2).

14

## A.    The Rule 23(e)(2) Factors Favor of Preliminary Approval

The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval. FRCP 23(e). The parties seeking approval must file a statement identifying any agreement made in connection with the proposal. FRCP 23(e)(3). "If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate…" FRCP 23(e)(2). Factors to take into consideration include whether the class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate, taking into account: the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; the terms of any proposed award of attorney's fees, including timing of payment; and any agreement; and does the proposal treat class members equitably relative to each other. FRCP 23(e)(2)(A)-(D). Class actions are inherently risky, and thus "[t]he obvious costs and uncertainty of such lengthy and complex litigation weigh in favor of settlement." *UAW*, 2006 WL 891151, at *17. And settlements also serve the public interest by conserving party and judicial

resources. *See In re Cardizem CD Antitrust Litigation*, 218 F.R.D. 508, 530 (E.D. Mich. 2003).

The proposed settlement advances and fully respects all these considerations while easily satisfying the Rule 23(e)(2) factors. *First*, Plaintiffs and Class Counsel have adequately represented the class by securing equal relief that was provided in *Taylor*. *Second*, the proposed settlement was negotiated at arm's-length with opposing counsel from the City Attorney's Office, following years of litigation. *Third*, the relief is appropriate and adequate to that reached in the standard-bearer warrantless tire chalking case, Taylor. *Fourth*, the settlement treats all Class Members equitably.

Here, both sides participated in contested litigation, undertook discovery (including a massive data compilation from the parking ticket device company), and held settlement negotiations with themselves and with the Court. Absent a settlement, further discovery, dispositive motions, and perhaps even a trial would follow. Plaintiff could appeal the limitation on damages to distinguish *Taylor*. The City would continue to assert defenses to both class certification and the merits. Class Counsel is also aware that the City could appeal any adverse result from trial (and any order certifying a class). As is evident by the duration of this litigation to date, continued

litigation would be lengthy and expensive. Rather than continuing to pursue protracted and uncertain litigation, a settlement that provides certain and meaningful relief is ideal.

### NOTICE

For any class certified under Rule 23(b)(2), "the court may direct appropriate notice to the class." FRCP 23(c)(2)(A). It has done so. **ECF No. 36, PageID.196.** It has ordered that notice of the Fairness/Class Certification Hearing together with the ability to opt-out or object be provided by posting a copy of this notice at the Office of the Ann Arbor City Clerk;[5] be posted on the City of Ann Arbor website; and the text of the August 7, 2025 order being published in the Ann Arbor Observer, a newspaper of general circulation that includes the City of Ann Arbor.[6] A public website has been created and maintained, see www.annarborchalk.com, that contains key documents, all forms, and proper instructions. The notice program provides a clear method for any objections and opt-outs. Evidence of compliance with each of the Court's directed forms of appropriate notice will be submitted to the Court prior to or during the October 17, 2025 Fairness/Class Certification Hearing.

---

[5] The City Clerk has already posted the notice at Larcom City Hall and on the City's website: https://www.a2gov.org/city-clerk/legal-notices/

[6] Class Counsel has been in contact and is working with the Ann Arbor Observer who being publishing this Court's August 7, 2025 order in its publication in September 2025.

Sufficient notice has been fulfilled for a Rule 23(b)(2) class.

## CONCLUSION

This resolution will provide declaratory and injunctive relief to an estimated number of thousands of persons and incidental damages to any qualifying subclass member who desires to file a claim, mirroring and streamlining the relief obtained in *Taylor* without further litigation risk. Class Counsel will seek fees and costs separately, ensuring that Court review of such (absent stipulation) does not delay final relief to the class. For all of these reasons, the Court is requested to conduct the October 17, 2025 Fairness/Class Certification Hearing, grant this motion, and approve the settlement as presented (including the incentive award to Plaintiff Yannotti).

Dated: August 15, 2025

RESPECTFULLY SUBMITTED,

/s/ *Philip L. Ellison*
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

/s/ *Matthew E. Gronda*
GRONDA PLC
MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiff
4800 Fashion Sq Blvd, Suite 200
Saginaw, MI 48604
(989) 233-1639
matt@matthewgronda.com

/s/ Jennifer A. Richards
JENNIFER A. RICHARDS (P79962)
ATLEEN KAUR (P66595)
OFFICE OF THE CITY ATTORNEY
Attorney for City of Ann Arbor
301 E. Huron Street, 3rd Floor
Ann Arbor, MI 48104
(734) 794-6170
jrichards@a2gov.org
akaur@a2gov.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, I electronically filed the foregoing document using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

Dated: August 15, 2025                    RESPECTFULLY SUBMITTED,

/s/ *Philip L. Ellison*
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com