

EXHIBIT

**A**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SEAN ANTHONY YANNOTTI, et al,
Plaintiffs

v.

CITY OF ANN ARBOR,
Defendant

Case No. 22-cv-12147
Hon. Nancy G. Edmunds
Mag. Judge Hon. Anthony P. Patti

## SETTLEMENT AGREEMENT

Plaintiff, Sean Anthony Yannotti, on behalf of himself and the Settlement Class described herein, by and through his counsel, and Defendant, City of Ann Arbor, by and through its counsel, enter into this class action Settlement Agreement on the following agreed terms:

### *Recitals*

1.      This Settlement Agreement is intended to resolve *Sean Anthony Yannotti, on behalf of himself and a class of all others similarly situated as described v. City of Ann Arbor*, Case No. 22-cv-12147, now pending in the United States District Court of the Eastern District of Michigan.

2.      On April 22, 2019, the Sixth Circuit Court of Appeals in *Taylor v. City of Saginaw* 922 F.3d 328, 333 (6th Cir. 2019) held that tire-chalking is a search and thus, requires either a warrant or an applicable exception to the

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

warrant requirement under the Fourth Amendment to the United States Constitution.

3.        On April 23, 2019, in response to the *Taylor v. City of Saginaw* decision, the City of Ann Arbor ceased tire-chalking.

4.        On April 6, 2019, prior to the Sixth Circuit's decision in *Taylor v. City of Saginaw*, Plaintiff received a parking ticket in the City of Ann Arbor and his ticket denoted "tires marked."

5.        Plaintiff filed a class action lawsuit on April 24, 2019 docketed as *Sean Anthony Yannotti v. City of Ann Arbor and City of Ann Arbor Downtown Development Association*, Case No. 19-cv-11189, against Defendant alleging that Defendant's policy and practice of chalking tires without a search warrant to obtain information as to whether a vehicle is in violation of its parking ordinances violates the Fourth Amendment to the United States Constitution.

6.        The lawsuit described in paragraph 5 was dismissed by stipulation on November 23, 2020, pending decisions in the *Taylor v. City of Saginaw* appellate litigation before the United States Court of Appeals for the Sixth Circuit. As a condition of dismissal, Defendant agreed, pursuant to a tolling agreement, to toll the claims of certain persons for a period of time.

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

7.    Following conclusion of the appellate litigation, Plaintiff filed the complaint in this "Lawsuit" on September 10, 2022.

8.    In this Lawsuit, the parties engaged in mutual discovery and Defendant also moved for partial summary disposition.

9.    On July 30, 2024, the Court granted Defendant's motion for partial summary disposition holding that Plaintiff could not obtain compensatory damages for Defendant's alleged violation of the Fourth Amendment to the United States Constitution.

10.    In that same order, however, the Court held that Plaintiff could seek declaratory and injunctive relief in addition to nominal damages.

11.    Following its order granting Defendant partial summary disposition, the Court referred this Lawsuit to the Magistrate Judge for the purpose of conducting a settlement conference.

12.    The parties attended the settlement conference on September 24, 2024, and thereafter on December 2, 2024, and January 23, 2025. In connection with those meetings, counsel for Plaintiff and Defendant conducted negotiations leading to this Settlement Agreement.

13.    In reaching this Settlement Agreement, Plaintiff has carefully examined the strengths and weaknesses of his claims. Plaintiff's Counsel believes that this settlement is fair, reasonable, adequate, and in the best

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

interests of the Class and that this Settlement should be approved by the Court under Rule 23 of the Federal Rules of Civil Procedure.

14.    Defendant enters this Settlement to resolve any and all controversies and disputes arising out of or relating to the allegations asserted by the Settlement Class, as the term is defined below, in the Complaint, as the term is defined below, and to avoid the burden, risk, and expense of further litigation. While Defendant disavows and rejects any legal responsibility, it believes that the Settlement Agreement should be approved by the Court under Rule 23 of the Federal Rules of Civil Procedure.

## *Definitions*

15.    "Class" means: "All persons and entities who were subject to the placement of a chalk mark on one or more of the four tires of vehicle to obtain information to justify the issuance of parking tickets within the territorial limits of Ann Arbor, Michigan between April 3, 2017 and April 23, 2019."

16.    "Payment Subclass" means: "All persons and entities part of the Class who were, as a matter of policy and customary practice, subject to a parking ticket with    designations of either "Over the Legal Time Limit" or "Parked Over Legal Time Limit" which are violations that were enforced through  the use of placement of a chalk mark on one or more of the four tires of a vehicle to obtain information to justify the issuance of said parking

4

ticket(s) within the territorial limits of Ann Arbor, Michigan between April 3, 2017 and April 23, 2019.

17.    "Class Counsel" means Plaintiff's attorneys, Matthew E. Gronda and Philip L. Ellison.

18.    "Class Representative" means Plaintiff Sean Anthony Yannotti.

19.    "Complaint" means the complaint filed in the matter of *Sean Anthony Yannotti, on behalf of himself and a class of all others similarly situated as described v. City of Ann Arbor*, Case No. 22-cv-12147, now pending in the United States District Court of the Eastern District of Michigan.

20.    "Court" means the United States District Court for the Eastern District of Michigan.

21.    "Defendant" means the City of Ann Arbor as the defendant in *Sean Anthony Yannotti, on behalf of himself and a class of all others similarly situated as described v. City of Ann Arbor*, Case No. 22-cv-12147, now pending in the United States District Court of the Eastern District of Michigan.

22.    "Execution Date" means the first date after which this Settlement Agreement has been fully executed by the Class Representative, Class Counsel, Defendant, and Defendant's Counsel.

23.    "Effective Date" means fourteen (14) days after the entry of a final order by the Court fully approving the settlement provided no objections

5

are made to this Settlement Agreement. If there are objections to the Settlement, then the Effective Date shall be the later of: (1) thirty five (35) days after entry of final order by the Court fully approving the settlement, if no appeals are taken therefrom or complete dismissal of any taken appeal; or (2) if appeals are taken from the entry of a final order by the Court fully approving the settlement, then the later of one hundred ten (110) days after the United States Court of Appeals' ruling affirming the final order fully approving the settlement from which no further action at the United States Supreme Court is taken, or (b) thirty (30) days after a decision by the United States Supreme Court that either denies any petition or affirms entry of final order by the Court fully approving the settlement.

24. "Lawsuit" means the matter of *Sean Anthony Yannotti, on behalf of himself and a class of all others similarly situated as described v. City of Ann Arbor*, Case No. 22-cv-12147, now pending in the United States District Court of the Eastern District of Michigan.

25. "Magistrate Judge" means Magistrate Judge Anthony Patti, who is assigned and consented by all parties to adjudicate the remainder of the Lawsuit.

26. "Plaintiff" means the plaintiff in *Sean Anthony Yannotti, on behalf of himself and a class of all others similarly situated as described v. City of*

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

*Ann Arbor*, Case No. 22-cv-12147, now pending in the United States District Court of the Eastern District of Michigan, being Sean Anthony Yannotti.

27.    "Settlement" means the settlement and compromise reflected in this Settlement Agreement.

28.    "Settlement Agreement" means this document which embodies the settlement.

### *Court Approval of the Settlement Agreement*

29.    Together with seeking class certification for purposes of settlement, the Class Representative, Class Counsel, and Defendant shall jointly cause the Court to give its approval of this settlement pursuant to Rule 23(e) at or following a joint Fairness/Class Certification Hearing to be set by the Court.

30.    As part of that motion to schedule the Fairness/Class Certification Hearing, the Court shall be asked to direct that (b)(2) class style notice of a reasonable manner be provided to all potential class members who would be bound by the Settlement Agreement so the assigned Magistrate Judge can find, at the Fairness/Class Certification Hearing, that the settlement outlined herein is fair, reasonable, and adequate after considering the factors of Rule 23(e)(2)(A)-(D).

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

31.    Notice of the Fairness/Class Certification Hearing and the ability to opt-out or object will be provided by posted notice at the Office of the Ann Arbor City Clerk; posted on the City of Ann Arbor Website; and published in The Ann Arbor Observer, a newspaper of general circulation that includes the City of Ann Arbor. Press releases to traditional media outlets are also encouraged.

32.    The notice provided by the preceding paragraph is intended to apprise potential (B)(2) class members of the pendency of the Lawsuit, the Settlement, and provide an opportunity for the members of the Payment Subclass to file a claim following approval at the Fairness Hearing, exclude themselves from any proposed class, or object.

33.    Any member may elect to be excluded from (opt-out of) the Settlement by mailing to Plaintiff's and Defendant's Counsel a written request for exclusion that is postmarked no later than the date of the Fairness/Class Certification Hearing. Any election to opt out must be in writing and: (A) contain the title of the Lawsuit: "*Yannotti v. City of Ann Arbor*," and list Case No. 22-cv-12147; (B) contain the full name, current address, and telephone number of the person opting out; (C) a statement asserting "I wish to opt out of the *Yannotti v. City of Ann Arbor* settlement"; (D) be signed; and (E) be sent by U.S. mail, first class and postage prepaid, with a postmark

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

no later than the date set for the Fairness/Class Certification Hearing to the Counsel for Plaintiff and Counsel for Defendant (who contacts are below).

34.    No later than ten (10) days after the Fairness/Class Certification Hearing if this Court approves the same, Class Counsel shall compile a list of the names of Opt-Outs and Class Counsel shall promptly file it (the "Opt-Out List") with the Court and Defendant. Members of the Class who submit a timely and valid request for exclusion from the Class (the "Opt-Outs") shall not participate in and shall not be bound by the Settlement.

35.    Any potential class member may object to the Settlement by filing with the Court and serving on Plaintiff's Counsel and Defendant's Counsel written objections postmarked no later than 14 days before the date set for the Fairness/Class Certification Hearing. Any objection must be in writing and: (A) contain the title of the Lawsuit: "*Yannotti v. City of Ann Arbor*," and the Case No. 22-cv-12147; (B) contain the full name, current address, and telephone number of the person objecting; (C) state the reasons for the objection; (D) be accompanied by evidence, briefs, motions, or other materials the objector intend(s) to offer in support of the objection; (E) be signed; and (F) be sent by U.S. mail, first class and postage prepaid, with a postmark no later than 14 days before the date set for the Fairness/Class

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

Certification Hearing to the Clerk of the Court, Class Counsel, and Counsel for Defendant.

### The Settlement Class & Terms

36.    The Class Representative, Class Counsel, and Defendant stipulate that, for the purposes of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied and that, subject to Court approval, the Class should be certified as a Rule 23(b)(2) styled class containing only incidental nominal damages and these parties will jointly request that the Court do so.

37.    Defendant agrees to and supports the appointment of Sean Yannotti as Class Representative for purposes of settlement, subject to the approval of the Court.

38.    Subject to the approval of the Court, Defendant agrees to and supports the appointment of Philip L. Ellison of Outside Legal Counsel PLC and Matthew E. Gronda of Gronda PLC as Class Counsel Class for purposes of settlement only, subject to the approval of the Court.

39.    Subject to the approval of the Court at or following the Fairness/Class Certification Hearing, Defendant stipulates as follows—

a.    To the entry of a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

warrantless tire marking and chalking violates the Fourth Amendment, with the proviso that Defendant maintains that any such violation was not intentional and was not clearly established as a violation of the Fourth Amendment at the time Defendant engaged in the practice, and further, that as soon as the Sixth Circuit Court of Appeals entered its decision in *Taylor*, Defendant voluntarily ceased the practice.

b.    To the entry of an injunction without bond, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining it along with any of its agent(s), contractor(s), and/or employee(s), from placing any chalk, chalk-like, or physical mark upon one or more tires of any privately owned vehicle within the territorial limits of Ann Arbor, Michigan to obtain information to justify the issuance of parking ticket(s) unless a judicial warrant is first obtained. Notwithstanding the foregoing, Defendant retains the right and option to seek to vacate this injunction upon any new precedents being issued by the United States Court of Appeals for the Sixth Circuit or the United States Supreme Court to the

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

extent those new precedents render the warrantless marking or chalking of tires to be a lawful activity.

c.    To pay Sean Yannotti an incentive award of $1,000 if such is so ordered by the Court in its discretion and Defendant does not oppose;

d.    To waive any fine(s), fee(s), and/or penalties related to Ticket No. 4100039898 and to cease any collection efforts on the same;

e.    To pay each member of the Payment Subclass $1.00 for received parking ticket(s) with either the "Over Legal Time Limit" or "Parked Over Legal Time Limit" designations via the use of placement of a chalk mark on one or more of the four tires of a vehicle from April 3, 2017 and April 23, 2019 as incidental nominal damages as follows—

i.    Following approval by the Court at the Fairness/Class Certification and upon the Effective Date, Defendant shall make readily available to the public, both (1) in paper form at the City Treasurer's Office at the Customer Service desk; and (2) in electronic form on the City Treasurer's Website, an

12

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

Docusign Envelope ID: D761A678-FBF9-4262-927A-9591EBBE0540

electronic claim form in substantially the form set forth in **Exhibit B** through which members of the Payment Subclass may apply for payment of $1.00 in cash per received ticket as incidental nominal damages.

ii. Members of the Payment Subclass shall have one hundred and eighty (180) days from the Effective Date to cause electronic delivery through the City's website (or alternatively have post-marked for delivery by the United States Postal Service) to the City Ann Arbor: Attention Parking Referees a completed claim form. If any form is timely delivered but deemed defective, an additional 30-day extension shall be provided to the claimant to permit the delivery of a corrected/amended claim form.

iii. Within 60 days of the City's receipt of a complete, timely-made claim, Defendant shall notify each claimant who submits a claim, in writing, of whether their claim is approved or denied.

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

iv.    Each member of the Payment Subclass who is approved for payment must appear in person at the City's Customer Service Department within 60 days of Defendant's notification of claim approval to collect payment and during collection must sign a City-provided form acknowledging receipt of the payment.

v.    Defendant shall issue a cash payment to each member of the Payment Subclass at the time they appear in person at the City's Customer Service desk. Defendant may deny any claim that is submitted on the basis that the claimant is not a member of the Payment Subclass; is not entitled to payment under this Settlement Agreement; or has not made a timely Claim.

f.    To pay all attorney fees, case expenses, and costs pursuant to 42 U.S.C. § 1988(b) and Rule 54(d) of the Federal Rules of Civil Procedure in the amount to be determined appropriate by the Court via a motion to be submitted by Class Counsel pursuant to Local Rule 54.1.2 no later than 28 days after entry of final approval of the

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. For purpose of the motion, Defendant agrees that the Class Representative is acknowledged to be the prevailing party for purposes of 42 U.S.C. § 1988(b).

40.     The Court retains jurisdiction to adjudicate any denial of a Claim by Defendant that is challenged by Class Counsel or the claimant who has received a Claim denial.

41.     Upon approval by the Court and except as to those persons who have opted-out,  all members of the Class, for themselves and on behalf of each  of  their  respective  heirs,  executors,  beneficiaries,  administrators, successors, assigns, and any other person claiming, now or in the future, through or on behalf of any of them, release and forever discharge Defendant, except as to the relief provided herein, to any claims of any kind or nature that  have  been  or  could  have  been  asserted  against  Defendant  or  Class Counsel relating to the claims in this Lawsuit, or the filing or prosecution of any lawsuit relating to such claims.

## *Termination*

42.     If  the  Court  (a)  declines  to  enter  an  order  setting  the Fairness/Class Certification (with the proposed notice outlined herein); (b) refuses to approve this Settlement or any material part of it; (c) declines to

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

Docusign Envelope ID: D761A678-FBF9-4262-997A-9591EBBE0540

enter a judgment that conforms in all respects the material provisions of this Settlement; or (d) enters a judgment, but after appellate review, the judgment is vacated or modified or reversed in any material respect, and further appellate review has either been denied or the time for seeking further appeal has expired, then each Party shall have the right to terminate the Settlement within thirty days of such ruling by providing written notice to the other Parties of an election to terminate.

43. The preceding paragraph notwithstanding, if the Court conditions its approval of this Settlement on changes to the Settlement, the Parties shall consider in good faith such changes and consent to such changes if they do not substantively alter the obligation of the Party. Changes that shall be deemed to substantively change the obligation of a Party include, but are not limited to, changes that affect the amount of the settlement payment or (b) the scope of the release to be granted. A change shall not be deemed to substantively change the obligation of a Party if it merely alters the wording or appearance of any notice or order or if it reasonably modifies the timing of any contemplated event.

44. If the Settlement is terminated, then:

    a. the Settlement shall be deemed to have reverted to the parties their respective status in this Lawsuit as of the

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

Execution Date, with all of their respective claims and defenses preserved as they existed on that date;

b.  Except as otherwise expressly provided in this Settlement, the terms of this Settlement shall be null and void and shall have no further force or effect, and neither the existence nor the terms of this Settlement nor any acts performed pursuant to, or in furtherance of, this Settlement shall be used in this Lawsuit or in any other proceeding for any purpose, and no act, statement, or filing in furtherance of this Settlement may be used to support or oppose the certification of any class in the Lawsuit or its maintenance as a class action; and

c.  Any judgment or order entered by the Court in accordance with the terms of this Settlement shall be vacated.

### *Miscellaneous*

45.  The Class Representative, Class Counsel, Defendant, and Defendant's counsel agree to undertake their best efforts to effectuate this Settlement, including: (i) all steps that may be appropriate or necessary to secure the Court's approvals and entry of necessary orders; (ii) agreeing to

Docusign Envelope ID: D761A678-FBF9-4262-9274-9591EBBE0640

reasonable extensions of time to carry out a provision of this Settlement; and (iii) all steps that may be appropriate or necessary to oppose any challenges to or appeals from the Court's orders approving the Settlement.

46.    This Settlement (and all exhibits to it) constitute the entire agreement between the parties, and supersede any prior understandings, agreements, or representations by or between the parties, written or oral, to the extent they relate in any way to the subject matter of this Settlement; and can be modified only in writing by mutual agreement of the parties and the Court. The Settlement is an integrated agreement, and no promise, inducement, or agreement separate from this Settlement has been made to the parties. The terms of this Settlement are binding upon and inure to the benefit of each of the parties and their respective successors, heirs, and assigns.

47.    This Settlement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by or on behalf of all Parties or by order of the Court. The waiver by any Party of any breach of this Settlement by any other Party shall not be deemed a waiver of that breach by any other Party, nor shall it be deemed a waiver of any other breach of this Settlement by that Party or any other Party.

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

48.    Each party has participated in negotiating and drafting this Settlement through counsel, so if an ambiguity or question of intent or interpretation arises, this Settlement is to be construed as if the parties had drafted it jointly, as opposed to being construed against a party. Further, each party represents that they have each read this Settlement and are fully aware of and understand all of its terms and the legal consequences thereof. The parties represent that they have consulted or have had the opportunity to consult with and have received or have had the opportunity to receive advice from legal counsel in connection with their review and execution of this Settlement Agreement.

49.    This Settlement shall be governed by the laws of the State of Michigan, and the parties to this Settlement stipulate that the Court has personal jurisdiction over them for purposes of administering, interpreting, and enforcing this Settlement. All proceedings relating to the administration, interpretation, and enforcement of this Settlement and related documents must be brought in the Court.

50.    As used throughout, feminine, masculine, non-gendered, impersonal, singular, and plural pronouns are used interchangeably and should be interpreted thusly. More broadly, the plural means the singular and vice-versa.

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

Docusign Envelope ID: D761A678-FBF9-4262-927A-9591EBBE0540

51.     Each and every covenant and agreement in this Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of Class Representative, Defendants, Settlement Class Members, and their counsel.

52.     Any and all notices, requests, consents, directives, or communications by any Party intended for any other Party related to this Settlement shall be in writing and shall, unless expressly provided otherwise herein, be given by mail, to the following persons, and shall be addressed as follows:

> TO COUNSEL FOR THE SETTLEMENT CLASS:
>
> Matthew E. Gronda
> GRONDA PLC
> 4800 Fashion Sq. Blvd., Ste. 200
> Saginaw, MI 48604
>
> TO COUNSEL FOR DEFENDANTS:
>
> Jennifer A. Richards
> ANN ARBOR CITY ATTORNEY'S OFFICE
> 301 E. Huron St.
> Ann Arbor, MI 48104

53.     The headings used in this Settlement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement.

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

54.    All counsel and any other person executing this Settlement and any exhibits attached to this Settlement warrant and represent that they have the full authority to do so and that they have the authority to take the appropriate action required or permitted to be taken pursuant to the Settlement to effectuate its terms. The undersigned signatory for the City of Ann Arbor certifies by his or her signature that this Settlement is executed pursuant to the authority conferred by its governing rules.

55.    This Settlement may be executed in counterparts. Facsimile, PDF signatures, DocuSign signatures, or similar electronic signatures shall be considered valid signatures. On the Execution Date, Class Representative, Settlement Class Members, and Defendants shall be bound by the terms of this Settlement, and this Settlement shall not be rescinded except in accordance with this Settlement.

<<THE REMAINDER OF THIS PAGE WAS LEFT INTENTIONALLY BLANK>>

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

CLASS REPRESENTATIVE:

Date: 07 / 13 / 2025

*Sean Yannotti*

Sean Anthony Yannotti
Class Representative


CLASS COUNSEL:

Date: 07 / 11 / 2025

*Matthew E. Gronda*

Matthew E. Gronda
GRONDA PLC
4800 Fashion Sq. Blvd., Ste. 200
Saginaw, MI 48604
989-233-1639
matt@matthewgronda.com

Date: 07 / 11 / 2025

*Philip L Ellison*

Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
P.O. Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

DEFENDANT CITY OF ANN ARBOR:

By: _Christopher Taylor_____
Christopher Taylor, Mayor
Date: 7/21/2025_____

By: _Jacqueline Beaudry_____
Jacqueline Beaudry, City Clerk

Date: 7/21/2025_____

By: _Milton Dohoney_____
Milton Dohoney Jr., City Administrator
Date 7/21/2025_____

DEFENDANT'S COUNSEL:

By: _Atleen Kaur_____
Atleen Kaur, City Attorney
Date: 7/21/2025_____

23

EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SEAN ANTHONY YANNOTTI, on
behalf of himself and a class of all
others similarly situated as described,
   Plaintiffs

Case No. 22-cv-12147

v.

Hon. Nancy G. Edmunds
Mag. J. Anthony P. Patti

CITY OF ANN ARBOR,
   Defendant

## ORDER SETTING FAIRNESS HEARING PROCEDURES
## AND HEARING ON CLASS CERTIFICATION
## AND WHETHER TO APPROVE SETTLEMENT

The Court has been informed that a proposed settlement on a class-wide basis has been reached. In furtherance of the same, the Court orders as follows—

1.    The Parties shall by _____, 2025, file their joint motion for class certification and approval of the class settlement and post a copy of the same at as the website, www.annarborchalk.com.

2.    The Court hereby sets _____, 2025 at _____ am/pm as the date set for the Fairness/Class Certification Hearing to held at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 673, Detroit, MI 48226.

3.    At the Fairness/Class Certification Hearing, the Court will consider the request to approve a class wide settlement, appoint Sean Yannotti as class representative, and appoint class counsel.

4.    The proposed class consists of all persons and entities who were subject to the placement of a chalk mark on one or more of the four tires of

vehicle to obtain information to justify the issuance of parking tickets within the territorial limits of Ann Arbor, Michigan between April 3, 2017 and April 23, 2019.

5.    Notice of the Fairness/Class Certification Hearing and the ability to opt-out or object shall be provided by posting a copy of this notice at the Office of the Ann Arbor City Clerk; posted on the City of Ann Arbor Website; and being published in *The Ann Arbor Observer*, a newspaper of general circulation that includes the City of Ann Arbor. Press releases to traditional media outlets are also encouraged.

6.    Any potential class member may elect to be excluded from (opt-out of) the Settlement by mailing to Plaintiff's counsel and Defendant's counsel a written request for exclusion that is postmarked no later than the date of the Fairness/Class Certification Hearing. Instructions and mailing information are available at www.annarborchalk.com.

7.    Any potential class member may object to the Settlement by filing with the Court and serve on Plaintiff's counsel and Defendant's counsel written objections postmarked no later than 14 days before the Fairness/Class Certification Hearing. Instructions and mailing information are available at www.annarborchalk.com.

IT IS SO ORDERED.

Doc ID: 2e2b7d879263b7a3f4bdba8a131d24d41cc76ce0

*Yannotti v. City of Ann Arbor*

# Claim Form

In order to exercise the right to receive the settlement award of $1.00 per parking ticket, this Claim Form must be completed and then delivered (or mailed and post-marked) to the Ann Arbor City Clerk's Office **no later than <<DATE>>**.

**City of Ann Arbor**
**Attn: Parking Referees**
**301 E. Huron Street**
**Ann Arbor, MI 48104**



## Contact Information

First Name

Middle Name

Last Name

**Current Mailing Address**
Street Address

City

State

Zip Code

Telephone Number

Email Address

License Plate Number

License Plate State/Country

Ticket Number

## Confirmation

By signing below, I am making a claim for the nominal settlement award of $1.00 per covered ticket in the *Yannotti v City of Ann Arbor* class action lawsuit.

**Signature**

**Print Name**

Docusign Envelope ID: D761A678-FBF9-4262-997A-9591E2BE0540