## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SEAN ANTHONY YANNOTTI, on
behalf of himself and a class of all
others similarly situated as described,
    Plaintiffs

v.

CITY OF ANN ARBOR,
    Defendant

Case No. 22-cv-12147
Hon. Anthony P. Patti

**FINAL ORDER GRANTING JOINT MOTION FOR APPROVAL (ECF No. 38), CERTIFYING CLASS, GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PERMANENTLY ENJOINING DEFENDANT FROM CERTAIN ACTIONS**

Upon consideration of the Joint Motion for Approval of Class Action Settlement filed August 15, 2025 (ECF No. 38), the exhibits and declarations submitted in support thereof, and the presentations and statements made at the October 17, 2025 Fairness and Class Certification Hearing, the Court hereby finds and orders as follows:

### I.   Findings

#### A.   Jurisdiction

The Court has jurisdiction over the subject matter of this action and all parties hereto under 28 U.S.C. §§ 1331 and 1343.

#### B.   Certification

Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2), the Court certifies the following Class:

> All persons and entities who were subject to the placement of a chalk mark on one or more of the four tires of a vehicle to obtain information to justify the issuance of parking ticket(s) within the territorial limits of Ann Arbor, Michigan between April 3, 2017 and April 23, 2019.

and a Payment Subclass, defined as:

> All persons and entities part of the Class who were, as a matter of policy and customary practice, subject to a parking ticket designated "Over the Legal Time Limit" or "Parked Over Legal Time Limit" enforced through the use of tire chalking within the same territorial and temporal limits.

### C.    Adequacy of Representation.

The Court appoints Sean Anthony Yannotti as Class Representative and Philip L. Ellison of Outside Legal Counsel PLC and Matthew E. Gronda of Gronda PLC as Class Counsel. The Court finds they have fairly and adequately represented the interests of the Class and have complied with Rule 23(g).

### D.    Notice.

The Court finds that notice to the Class was effectuated pursuant to this Court's August 7, 2025 Order (ECF No. 36), including posting at the Ann Arbor City Clerk's Office, publication on the City's website, and publication in the Ann Arbor Observer, as well as through the settlement website

2

www.annarborchalk.com. Such notice satisfies the requirements of due process and Rule 23.

## II. Fairness and Adequacy.

The Court finds the Settlement Agreement (ECF No. 38-2) to be fair, reasonable, and adequate under Rule 23(e). The settlement was negotiated at arm's length following extensive litigation and multiple settlement conferences. It provides meaningful and appropriate relief consistent with the law as established in *Taylor v. City of Saginaw*, 922 F.3d 328 (6th Cir. 2019), and subsequent decisions.

## III. Approval of Settlement

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement (ECF No. 38-2) is **APPROVED** in full and incorporated into this Order by reference.

2. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court declares that the warrantless marking or chalking of tires by the City of Ann Arbor to gather information for parking enforcement constitutes a search under the Fourth Amendment and, absent a judicial warrant, consent, or recognized exception, is unconstitutional.

3.     Pursuant to Federal Rule of Civil Procedure 65, the City of Ann Arbor, its agents, contractors, and employees are hereby **ENJOINED** from placing any chalk, chalk-like, or physical mark upon the tires of any privately owned vehicle within the City limits to obtain information to justify issuance of parking tickets, unless a judicial warrant is first obtained. The City retains the right to seek modification or dissolution of this injunction upon issuance of controlling precedent from the Sixth Circuit or the United States Supreme Court authorizing such practice.

4.     The Nominal Damages Claim Process established by the Settlement Agreement is **APPROVED**. Eligible members of the Payment Subclass may obtain $1.00 per covered ticket by submitting a timely Claim Form to the City Treasurer's Office, in paper or electronic form, no later than the deadline set forth in the Settlement Agreement.

5.     The Court approves the incentive award of $1,000 to Sean Anthony Yannotti as Class Representative, to be paid by Defendant consistent with the Settlement Agreement.

6.   The Court retains jurisdiction over the award of attorney's fees, expenses, and costs under 42 U.S.C. § 1988(b) and Federal Rule of Civil Procedure 54(d). Class Counsel shall file their motion within 28 days of this Order pursuant to Local Rule 54.1.2.

7.   The release set forth in the Settlement Agreement is approved and shall be binding upon all Class Members who did not submit timely and valid opt-out notices.

8.   This action is hereby dismissed with prejudice as to all claims released under the Settlement Agreement, with the Court retaining jurisdiction solely to enforce, implement, and interpret the terms of this Order and the Settlement.

## IV.   Conclusion

The Settlement represents a fair, reasonable, and adequate resolution of this class action, providing both declaratory and injunctive relief, and nominal damages consistent with constitutional precedent. The motion for approval is **GRANTED IN FULL**.

**IT IS SO ORDERED.**

Date: October 20, 2025

_____
Hon. Anthony P. Patti
United States Magistrate Judge

STIPULATED FOR ENTRY AS TO FORM:

/s/ Philip L. Ellison                                          Date: October 17, 2025
Class Counsel

/s/ Jennifer Richards (with permission)          Date: October 17, 2025
Counsel for Defendant City